**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| JOHN DOE D-1, *et al.*, |
| Plaintiffs, |
| v. |
| DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA, |
| Defendant. |

Civil Action No. 23-00273

Chief Judge Beryl A. Howell

## MEMORANDUM AND ORDER

The plaintiffs in this action, "living Crew Members and estates of deceased Crew Members who were serving aboard the Pueblo [on January 23, 1968,] when North Korea attacked the vessel in international waters while on a surveillance mission for the U.S. Government," bring suit against the Democratic People's Republic of Korea ("North Korea") under the Foreign Sovereign Immunities Act ("FSIA") for "taking them hostage and torturing them, and thereby causing them severe and lasting physical injuries, disfigurement, psychological harm, and extreme mental anguish." Compl. ¶ 4. They seek to proceed pseudonymously, by "seal[ing] all personally identifying information from both the public and Defendant, including but not limited to names, addresses and other personal data, from now through the remainder of the case," Pls.' Mot. to Proceed Using Pseudonyms ("Pls.' Mot.") at 1, ECF No. 2, because, even though plaintiffs reside in the United States, they fear being "the target of North Korea's retaliatory hacking, including potential disclosure of personal financial and medical records," *id.* at 3.[1]  For the reasons set forth

---

[1] While plaintiffs need not provide their personal addresses on the public docket, they are required, absent court authorization otherwise, to "file under seal a notice containing [their] full address[es], which notice shall be available only to the Court and the opposing party." D.C.C. LCvR 5.1(c)(1).  Plaintiffs seek by file their addresses not only under seal but also *ex parte* so that defendant does not have access to their personally identifying information. *See* Pls.' Mot. at 11.  That request is granted, for the reasons set forth below.

below, plaintiffs' motion is granted, subject to any further consideration by the United States District Judge to whom this case is assigned.[2]

## I.      BACKGROUND

Plaintiffs are crew members and family members of the crew members "who were who were serving aboard the Pueblo when North Korea attacked the vessel in international waters while on a surveillance mission for the U.S. Government."  Compl. ¶¶ 4-5.  On January 23, 1968, the Pueblo was patrolling international waters off the Korean peninsula with its 83-member crew," which "included U.S. Navy personnel and several civilians."  *Id.* ¶ 16.  North Korea's forces attacked the Pueblo, "raking the ship with machine gunfire and pumping 57mm shells into its forward masts, knocking out its antennas and sending shrapnel spraying across the deck." *Id.* ¶ 18. "Armed North Korean forces eventually boarded the Pueblo, ordering and then forcing the Crew Members to sit on the freezing deck, blindfolded and bound. North Korea's forces beat any Crew Member who failed to comply immediately."  *Id.* ¶ 20.

What followed was a harrowing experience for the crew members, with North Korea taking them hostage, forcing them to live in inhumane conditions, beating them, and torturing them.  *Id.* ¶¶ 21-30.  All except one crew member survived with their lives, with the survivors left with severe and permanent physical and psychological injuries, while the immediate family members of the crew members experienced "enormous stress from continual uncertainty and unrelenting terror and fear that their loved ones were dead, would be killed, tortured, disfigured, or otherwise harmed," and they "suffered loss of economic support, emotional support, companionship, affection, and loving words from their Crew Member."  *Id.* ¶¶ 33-39.

---

[2]      The Chief Judge is tasked with determining motion[s] to seal the complaint, motion[s] to seal the address of the plaintiff, and motion[s] to file a pseudonymous complaint." D.D.C. LCvR 40.7(f); *see also* D.D.C. LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

Plaintiffs raise several claims of relief under the FSIA against North Korea stemming from this set of facts and allegations, including hostage taking, torture, assault and battery, intentional infliction of emotional distress, false imprisonment, and solatium." *Id.* ¶¶ 40-67.

## II.   LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiffs. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)).  The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)). That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)).  Accordingly, courts "generally require 'parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure describe circumstances in which filings may be redacted and where access to public filings may

be limited.  FED. R. CIV. P. 5.2.  Minors, for example, must be referred to using only their initials.

FED. R. CIV. P. 5.2(a)(3).  The court may also, for good cause, "require redaction of additional

information."  FED. R. CIV. P. 5.2(e)(1).

Courts have also, in special circumstances, permitted a party to proceed anonymously.  A

party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need

for such secrecy, and identifying the consequences that would likely befall it if forced to proceed

in its own name."  *In re Sealed Case*, 971 F.3d at 326*.*  Once that showing has been made, "the

court must then 'balance the litigant's legitimate interest in anonymity against countervailing

interests in full disclosure.'"  *Id.* (quoting *In re Sealed Case*, 931 F.3d at 96).  When weighing

those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir.

1993), serve as "guideposts from which a court ought to begin its analysis."  *In re Sealed Case*,

931 F.3d at 97.  These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the
> annoyance and criticism that may attend any litigation or is to preserve privacy in a
> matter of [a] sensitive and highly personal nature; (2) whether identification poses a
> risk of retaliatory physical or mental harm to the requesting party or[,] even more
> critically, to innocent non-parties; (3) the ages of the persons whose privacy interests
> are sought to be protected; (4) whether the action is against a governmental or private
> party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an
> action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five

boxes."  *Id.*  Rather, "district courts should take into account other factors relevant to the particular

case under consideration."  *Id.* (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–

90 (2d Cir. 2008)).  In exercising discretion "to grant the 'rare dispensation' of anonymity . . . the

court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether

the dispensation is warranted'. . . tak[ing] into account the risk of unfairness to the opposing party,

as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

When a plaintiff requests to file his address under seal and *ex parte*, the plaintiff's interest in keeping personal information from the public is assessed under the *James* factors. *See Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 152 (D.D.C. 2011).

## III. DISCUSSION

At this early stage of the litigation, this Court is persuaded that plaintiffs have met their burden of showing that their privacy interests outweigh the public's presumptive and substantial interest in knowing their names and personally identifying information. The public's interest in knowing the plaintiffs' names and addresses is *de minimis* compared to their significant privacy and security interests, given that plaintiffs have shown at least five instances of North Korea and its supporters retaliating against those who speak out against its regime, including at least two cyberattacks targeting persons on U.S. soil. *See* Pls.' Mot. at 8–9.

First, as the description of plaintiffs' claim makes clear, they do not seek to proceed under pseudonym and limit disclosure of their names "merely to avoid . . . annoyance and criticism," but for purposes of ensuring the privacy of themselves and loved ones. *See In re Sealed Case*, 931 F.3d at 97. Citing front-page news articles discussing North Korea's notorious abuse of individual rights, plaintiffs highlight their reasonable concern that "they will face scrutiny from a worldwide audience unlike anything they have ever experienced" because "the new case against North Korea is also likely to gain widespread national and international attention." Pls.' Mot. at 7.

Second, plaintiffs have sufficiently alleged that disclosure of their identities "poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent

non-parties." *In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238).  Citing to five examples of "acts of retaliation and cyberterrorism by North Korea and its supporters" over the recent years, which "include numerous attacks on private citizens and civilian targets" and two cyber-attacks on U.S. Soil, Pls.' Mem. at 8–9, plaintiffs have sufficiently demonstrated a significant threat that North Korea and/or its supporters pose a risk of retaliating against plaintiffs for filing this lawsuit if plaintiffs' identities are made available publicly, *id.* at 9.  North Korea has expressed public outrage over the decision to add this country to the U.S. list of State Sponsors of Terrorism, *see e.g.*, Tom Batchelor, Chris Stevenson, *North Korea says Trump's terror sponsor label is a "serious provocation*," Independent (Nov. 22, 2017), https://www.independent.co.uk/news/world/asia/north-korea-donald-trump-state-sponsor-ofterrorism-label-serious-provocation-kim-jong-un-latest-a8069091.html (last accessed January 23, 2023), and naming the plaintiffs publicly may present a retaliatory target for this outrage at plaintiffs initiating this lawsuit under the FSIA's Terrorism Exception.

The third *James* factor also weighs in favor of granting plaintiffs' motion, as several plaintiffs either care for or live with children or grandchildren who are minors.  *See In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238); *see also* Pls.' Mot. at 10 ("[M]any Plaintiffs either live with or regularly care in their homes for children and grandchildren who are minors.").

The fourth *James* factor, concerning the fact that this suit is against a government, is neutral.  "[T]here is a heightened public interest when an individual or entity files a suit against the government," *In re Sealed Case*, 971 F.3d at 329, but this applies to the United States government and not to foreign governments.  Consequently, the nature of these proceedings does not raise the same general need for transparency as to plaintiffs' identities that assessment of U.S. government action would engender.  *Cf. id.* (describing the public interest as "particularly great"

where regulated entity sued government agency regarding "special exemptions" from statutory obligations).  Here, plaintiffs seek to vindicate only their own rights and/or those of their immediate family members, and anonymity appears to be necessary to provide them the opportunity to do so.

Fifth, the defendant would suffer no "risk of unfairness" if the plaintiffs' motion were granted.  *See In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238).  Defendant does not need plaintiffs' exact identities to defend against their claims, given that the attack on the Pueblo was allegedly executed by defendant.  Furthermore, assuming the filing of this lawsuit prompts a response, defendant may request the disclosure of any information that it deems necessary to the full and fair defense of the case, and plaintiffs will be free to oppose the disclosure of that information.  This issue need not be resolved now and does not significantly weigh against plaintiffs' request for anonymity for the plaintiffs, given the strength of their privacy interests and the threat of retaliatory harm they face.

In sum, weighed against the minimal apparent interest in disclosure, the plaintiffs' significant and "legitimate interest in anonymity" and in maintaining the privacy of their personal information and security at this early stage in the litigation is more than sufficient to overcome "countervailing interests in full disclosure."  *In re Sealed* Case, 931 F3d at 97.  Any general presumption in favor of open proceedings or public interest in disclosing the plaintiffs' identities is significantly outweighed by the threat of harm that such disclosure would entail.  *See Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

## IV.    CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Motion to Proceed With Their Civil Action Using Pseudonyms And To Seal Personally Identifying Information, ECF No. 2, is **GRANTED**, subject to any further consideration by the United States District Judge to whom this case is assigned; it is further

**ORDERED** that the plaintiffs may proceed with the case using the pseudonyms listed in the Complaint; it is further

**ORDERED** that the Clerk of the Court shall file under seal and *ex parte* Appendix A ("Plaintiffs in Order by Group," corresponding to the pseudonyms used), ECF No. 2-1, and Appendix B ("Plaintiffs in Alphabetical Order By Family," also corresponding to the pseudonyms used), ECF No. 2-2.

**SO ORDERED.**

Date: February 1, 2023

_____
BERYL A. HOWELL
Chief Judge